Mr. Michael Clingman, Chief Executive Officer Arkansas Workers' Compensation Commission P.O. Box 950 Little Rock, Arkansas 72203-0950
Dear Mr. Clingman:
This is in response to your request for an opinion on whether the Arkansas Workers' Compensation Commission (the "Commission") can lawfully release information it maintains on workers compensation claimants to "private entities" who request this information. You note that the information is maintained on "tape," and is a compilation of claim histories which includes, but is not limited to, the following information: names of claimants, addresses, social security numbers, dates of birth, marital status, sex, race, occupation, phone numbers, length of service, dates of hire, the employer, the insurance carrier, nature of the injury, the cause of the injury, body part injured, wages, and benefits payable per week. With regard to the release of this information, you cite A.C.A. § 11-9-409(b), which provides in pertinent part as follows:
 (b)(1) In cooperation with and with the assistance of the Department of Labor and the State Insurance Department, the [Workers' Health and Safety] division shall establish and maintain a job safety information system.
 (2)(A) The job safety information system shall include a comprehensive data base that incorporates all pertinent information relating to each reported injury.
 (B) The identity of the employee is confidential and may not be disclosed as part of the job safety information system. [Emphasis added.]
It is my opinion, pursuant to the statute above, that the names of claimants may not be released from the "job safety information system." The statute above requires this information to be kept confidential.
The disclosability of the remainder of the information you mention is governed by the Arkansas Freedom of Information Act ("FOIA"), codified at A.C.A. §§ 25-19-101 to -107 (1987 and Cum. Supp. 1993), and federal law. That is, we must look to the FOIA and relevant federal law to determine whether your office may release the addresses, social security numbers, dates of birth, marital status, sex, race, occupation, phone numbers, length of service, date of hire, the employer, the insurance carrier, nature of the injury, the cause of the injury, body part injured, wages and benefits payable per week.[1]
It is my opinion, pursuant to the FOIA and federal law, that your office is prohibited from releasing the social security numbers, and is in all likelihood prohibited from releasing information which reflects the nature of the injury, cause of the injury, and body part injured if this information would constitute "medical records" which are specifically exempt from the FOIA.[2] The federal Privacy Act prohibits state agencies from releasing social security numbers. See 5 U.S.C. § 552a and Op. Att'y Gen. 94-218. See also 42 U.S.C. § 405(c)(2)(C)(vii). In addition, this office has previously opined that the various medical reports and hospital records found in a workers' compensation claim file are in all likelihood[3] not disclosable under the FOIA, because they are probably "medical records" which are specifically exempted by the FOIA. See A.C.A. § 25-19-105 (b)(2) and Op. Att'y Gen. 91-374 (copy enclosed). Assuming this information retains its character as a "medical record" when transferred onto "tape" in the job safety information system, it is my opinion that it is exempt from disclosure under the FOIA. A conclusive response, of course, would require a review of the records in question.
It is therefore my opinion that the Workers' Compensation Commission is prohibited from releasing the information discussed above in response to requests from "private entities" for the information.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh
[1] It is generally held that if documents contain both exempt and nonexempt material, the public agency must release the record with the exempt information deleted. Without more information, I cannot opine upon how this is to be accomplished with the "tape" at issue.
[2] A question may also arise with regard to the release of addresses and phone numbers. Ordinarily, the only basis for such exemption in this instance would be a federal constitutional privacy claim. See generallyMcCambridge v. City of Little Rock, 298 Ark. 219, 766 S.W.2d 909 (1989). It appears, however, that releasing the addresses and phone numbers in this instance would render it possible, through certain directory services, to discover the names of claimants. It is therefore my opinion that this information should not be released.
[3] The opinion concluded that the records were "probably" exempt. The qualification was based upon the fact that the Attorney General's office had not reviewed the records in question, and a conclusive response would require such a review.